(C. D. 452)

WILLIAM ADAMS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 17, 1941)

Plaintiff not represented by counsel.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties

alleged to have been improperly exacted on a particular importation invoiced as "Leaf pattern butter spreaders, silver blades." Duty was levied thereon at the rate of 50 per centum ad valorem under the provision in paragraph 397 of the Tariff Act of 1930 for "Articles or wares not specially provided for, if composed wholly or in chief value of silver," incorporated in said paragraph by virtue of a trade agreement entered into by and between the United States and the United Kingdom, promulgated in T. D. 49753. It is claimed that said articles are properly dutiable at the rate of 35 per centum ad valorem plus 16 cents each under the provision in paragraph 355 of said act for butter knives.

At the bearing, held in New York on November 4, 1940, the plaintiff was not represented by counsel, the only testimony offered in its behalf being that of Evelyn Bregstein, its secretary, who testified in part as follows:

By Mr. FitzGibbon.

Q. Have you a sample?—A. No, but I have photographs.

   *        *        *        *        *        *        *

Q. Are they of the butter spreaders imported here?—A. Not the actual ones, but similar in every respect.

Q. Similar in that it is a butter spreader?—A. Yes.

Q. I do not believe the court needs a photograph to know what a butter spreader is. I think——A. It was not in that connection I wanted to offer it, I wished to point out the fact that the butter spreader is shown with the caption knife, "butter knife". It is not called a butter spreader, it is called a knife.

Q. I am afraid the photograph will not help you. Your claim is they were knives?—A. Yes, I would like to submit price lists showing butter spreaders listed under "knives", 6 pages.

Q. Will you describe what the butter spreader is? It is an implement used on the table.—A. That is correct.

Q. With a handle?—A. Yes.

Q. And a blade?—A. Yes.

Q. And the blade is dull?—A. Yes.

Q. Do you know the purpose for which it is used?—A. Individual table service; a bread and butter plate is put on the table with a butter spreader knife, individual butter knife. This implement is used first to cut off a small piece of butter from the batter of butter, * * * and the larger knife is commonly admitted as a knife, and therefore we feel the individual butter knife should also be considered a knife.

Q. Is there anything else you want to say?—A. Yes, I do, I want to read quotations from this book.

Q. I am afraid I will have to object to your reading quotations. I suggest you write a brief and include them in your brief.—A. I have done that.

Q. I suggest you leave that with the court. Is there anything else you want to say as testimony?—A. I would also like to call the attention of the court to the fact other knives, even if the butter spreader is not admitted as an implement for cutting, there are other knives described in the cutlery paragraph not used for cutting, for instance a painter's knife, used for spreading putty.

Q. That is a matter of argument. * * * Is there anything you want to say about the knives?—A. No, they are not different from any other knife, butter knives.

At the conclusion of the testimony time was allowed by the court to both sides for the filing of briefs. The plaintiff's brief was filed in open court, and, although the Government was allowed 15 days for reply, no brief was submitted.

In the plaintiff's brief filed herein the statement is made that in certain catalogs and price lists so-called butter spreaders are termed individual butter knives; but inasmuch as said catalogs and price lists were not admitted in evidence we cannot consider them.

In the said brief occurs the following:

We quote from "Common Sense in Etiquette" by Mrs. Cornelius Beekman, Chapter XI, Table Equipment, Table Setting and Table Service. Under table equipment—silver—:

The individual butter knife (manufacturers call it the "butter spreader") the short, flat knife that rests on the bread and butter plate.

And from page 125 of the same book, under: Manners at the Table:

Bread is broken off in small pieces and each piece is buttered and eaten before another is broken off. Bread should never be buttered in the hand, but on the bread and butter plate with the small *knife* provided for the purpose. [Italics ours.]

We quote from "Etiquette" by Emily Post.

Bread should always be broken into moderate sized pieces with the fingers before being eaten. If it is to be buttered a piece is held on the edge of the bread-and-butter plate or the place plate and enough butter spread on it for a few mouthfuls at a time with a butter knife. If there isn't a butter knife, use any other knife you choose.

From this record we are satisfied that the so-called butter spreaders in question are knives in the ordinary meaning of that term. They have a handle and a blade, and, being used for the purpose of cutting as well as spreading butter, in our opinion they come within the *eo nomine* provision in said paragraph 355 for butter knives.

We believe that the plaintiff has made out a *prima facie* case and we therefore hold as a matter of law that the imported articles are properly dutiable at the rate of 35 per centum ad valorem and 16 cents each under said paragraph 355 as butter knives, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.