No. 66486.—Geo. G. Wagner Co. and Frank P. Dow Co., Inc. v. United States, protests 59/6315 and 59/6317 (San Francisco).

FORD, Judge: The above protests were consolidated for the purpose of trial and cover certain imported articles, described on the invoices as stainless steel pie server, serrated, which were classified under the provisions of paragraph 355 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as made effective by T.D. 52820, as knives, over 4 inches long, and assessed with duty at the rate of 4 cents each and 17½ per centum ad valorem.

Plaintiffs contend that the imported merchandise consists of cake or pie servers with a partially serrated edge, used to assist in breaking cake or pie apart by a sawing motion, and are, therefore, properly dutiable as a household or table utensil, composed wholly or in chief value of base metal, at the rate of 20 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified by said Torquay protocol, supra; or at the rate of 19 per centum ad valorem under said paragraph, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, depending upon the date of entry.

The pertinent portions of the provisions of the Tariff Act of 1930, as modified, supra, are as follows:

Paragraph 355, supra, as modified by T.D. 52739 and T.D. 52820, supra:

Table, butchers', carving, cooks', hunting, kitchen, bread, cake, pie, slicing, cigar, butter, vegetable, fruit, cheese, canning, fish, carpenters' bench, curriers', drawing, farriers', fleshing, hay, sugar-beet, beet-topping, tanners', plumbers', painters', palette, artists', shoe, and similar knives, forks, and steels, and cleavers, all the foregoing, finished or unfinished, not specially provided for:

 *  *  *  *  *  *  *

With handles of any other material (not including mother-of-pearl, shell, ivory, deer, or other animal horn, hard rubber, solid bone, celluloid, pyroxylin, casein, or any material similar to pyroxylin or casein, and not including handles plated with and in chief value of silver):

 *  *  *  *  *  *  *

4 inches or more long, exclusive of handle, and not specially designed for other than household, kitchen, or butchers' use_____ 4¢ each and 17½% ad val.

Paragraph 339, supra, as modified by T.D. 52739, supra:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

 *  *  *  *  *  *  *

Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

 *  *  *  *  *  *  *

Other base metal, including steel (except electric flatirons and household food grinding or cutting utensils) _____ 20% ad val.*

The record herein consists of a sample of the imported merchandise, which was received in evidence as plaintiffs' exhibit 1, and the testimony of Mrs. Arlyne H. Wagner. Counsel for the respective parties stipulated that exhibit 1 is not colored with gold or gold lacquer, or plated with gold, platinum, or silver, and is in chief value of base metal, other than gold, platinum, silver, tin, tin plate, brass, copper, or pewter. Mrs. Wagner testified that she helped design

---

*This rate was subsequently reduced to 19 per centum for all merchandise entered on or after June 30, 1956, but prior to July 1, 1957, under said paragraph 339, supra, as modified by T.D. 54108, supra.

exhibit 1 and that said article is chiefly used to serve cakes and pies; that it also has a use of breaking the cake apart or sawing it apart, by using the serrated edge; that exhibit 1 differs from a cake or pie knife, in that the latter has a straight cutting edge, with a slight curve at the tip, while the cake or pie server is serrated or oval shape.

Based upon the foregoing, it is contended that the imported merchandise falls within the purview of paragraph 339 as a table or household utensil.

Parties have cited the cases of *F. W. Myers & Co.* v. *United States*, 36 Treas. Dec. 34, T.D. 37879; *B. Westergaard & Co.* v. *United States*, 26 Cust. Ct. 77, C.D. 1302; *William Adams, Inc.* v. *United States*, 6 Cust. Ct. 156, C.D. 452, involving meat cleavers, cheese cutters, and butter spreaders, respectively.

Since the classification of the involved pie servers under the provisions of paragraph 355, *supra*, carries with it the presumption that the article is used in the household or kitchen, the issue before the court is whether or not the imported item is a knife.

Webster's New International Dictionary, second edition, unabridged (1949), gives the following definition of the term "knife":

1. a An instrument consisting (in its modern form) of a thin blade, usually of steel and having a sharp edge for cutting, fastened to a handle; a longitudinally edged instrument operated by pressure. Knives are of many forms for different uses. * * * b Specif., a table knife, usually of silver or steel with a silver, bone, or pearl handle. There are three sizes of ordinary table knives, *dessert knife, breakfast knife,* and *dinner knife,* the first being the smallest. Still smaller is the sharp-pointed *fruit knife.* There are several types of *serving knives,* or *servers,* many with spatulalike blades. [Italics quoted.]

From the foregoing, it would seem that within the common meaning of the term "knife," there are included several types of serving knives or servers. Aside from the fact that some servers may fall within the meaning of the term "knife," the witness called on behalf of plaintiffs testified that the involved merchandise is used to saw or break cake apart.

Webster's New International Dictionary, second edition, unabridged (1949), gives the following definition of "saw":

*Transitive:* * * * 2 To form by cutting with a saw; as to *saw* boards or planks, that is, to saw logs or timber into boards or planks. 3 To rend or slice with motions suggestive of those of a person using a saw; * * *.

*Intransitive:* * * * 2 To cut, as a saw; as, the saw or mill *saws* fast. [Italics quoted.]

In view of the foregoing definitions, we are not impressed with the contention of plaintiffs herein that the server saws, but does not cut, as it is difficult to contemplate an instrument which will saw cake or pie or any other article without at the same time cutting.

On the record before us, we hold that plaintiffs have failed to overcome the presumption of correctness attaching to the classification of the collector. The protests are, accordingly, overruled.

Judgment will be rendered accordingly.